UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
THE ESTATE OF MICHAEL HEISER, deceased,
et al.,

       Petitioners,

v.

THE BANK OF TOKYO MITSUBISHI UFJ, NEW
YORK BRANCH,

       Respondent.
---------------------------------------------------------------x

11-CV-1601 (PKC/MHD)

**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION TO ESTABLISH PROCEDURES FOR SERVICE OF PROCESS UPON WIRE TRANSFER PARTIES AND ACCOUNT HOLDERS**

      Petitioners the Estate of Michael Heiser, deceased, *et al*. (collectively, the "Petitioners") and The Bank of Tokyo Mitsubishi UFJ, New York Branch (the "Respondent"), by their undersigned attorneys, hereby jointly move for the entry of the proposed order, attached hereto as Exhibit A, establishing procedures for serving process on third-parties who the parties believe may assert a claim to some of the Blocked Assets (as defined below) held by the Respondent and giving notice of this proceeding. In support thereof, the Petitioners and the Respondent state as follows:

### Introduction

      By this Motion, the Petitioners and the Respondent, seek to establish a process for providing notice of the Petitioners' Petition for Turnover Order Pursuant to Fed. R. Civ. P. 69 and N.Y. C.P.L.R. §§ 5225 & 5227 (the "Petition") to third parties (the "Third Parties" or a "Third Party") who the Petitioners and Respondent believe may assert a claim in assets held by the Respondent which have been blocked pursuant to regulations issued by the United States Department of Treasury and various Executive Orders issued by the President of the United

States (the "Blocked Assets") and setting a time period within which such Third-Parties must submit a claim to the Blocked Assets.

**<u>Proposed Service Procedures</u>**

In connection with this Motion, the Petitioners and Respondent seek the entry of the proposed order, attached hereto as Exhibit A (the "Service Order"), establishing the following service procedures:

A. The Petitioners will serve a copy of the following documents upon the Third Parties:

(i) The Petition;

(ii) A spreadsheet or other summary provided by the Respondent, to the Petitioners identifying (to the extent it can reasonably be determined) those Blocked Assets in which the Respondent believes the Third Party receiving notice may claim an interest;

(iii) A notice of lawsuit in the form attached to the Order (the "Notice of Lawsuit") which will provide information regarding the relief sought in this lawsuit and give notice that any Third Party which seeks to assert a claim to the Blocked Assets must assert a claim or take other action within sixty (60) days of the date of the Notice of Lawsuit, and if they fail to do so, the Court may enter an order (1) awarding a turnover of the Blocked Assets to the Petitioners, and (2) discharging the Respondent.

(iv) A copy of the Order approving this Motion; and

(v) To the extent the above documents are sent to a Third Party in the Islamic Republic of Iran ("Iran") or a country where the official language is Farsi, the Petitioners shall translate the documents into Farsi in compliance with section 1608(b)(3) of the FSIA.

(collectively, the "Service Documents").

B. The Petitioners will serve the Service Documents upon the following Third Parties, to the extent that they are in possession of contact information for such parties sufficient to permit them to give notice in the manner specified in this Order:

    (i) The account holder of record of any Blocked Assets; and

    (ii) The originator, originator's bank, the beneficiary, the beneficiary's bank, and any intermediary bank for any blocked electronic funds transfer ("EFT").

C. The Service Documents may be served upon the Third Parties by the following methods:

    (i) by sending copies of the Service Documents to such Third Party at its last known address, as determined by Petitioners from their own records, records provided by Respondent or public sources such as the internet, either by U.S. global mail (also known as First Class International Mail) or by an express delivery company such as FedEx, UPS or DHL that makes deliveries in the country to which the documents are being sent, directed to the attention of the Managing Director, Chief Executive Officer or Chief Legal Officer of that entity if it is a business entity, or to an individual if the Third Party is not an entity. The Respondent will provide counsel for Petitioners the address it has in its records (if any) of any Third Party within thirty (30) days of the entry of the later of an Order granting this Motion and a suitable Protective Order for this case;

    (ii) by sending an e-mail to the last known e-mail address of such Third Party, as determined by Petitioners from their own records, records provided by Respondent or public sources such as internet web sites that states, "IMPORTANT! This e-mail is being sent to put you on notice of a lawsuit pending in the United States District Court for the Southern District of New York that could result in the seizure and forfeiture of funds in which you may have an interest. These funds may include the balances held in one or more bank accounts that were blocked pursuant to applicable OFAC regulations and the proceeds of one or more wire transfers that were interrupted and blocked pursuant to those regulations. Please open the attachments, which are in .pdf form, immediately. They will provide more detailed information about the lawsuit and your potential exposure to loss in that lawsuit." The e-mail shall also attach .PDF versions of the Service Documents to the e-mail (if the

e-mail is being sent to a business entity, the e-mail should be directed to the e-mail address of the Chief Executive Officer, Managing Director or Chief Legal Officer, if known, or it should state, following the word "IMPORTANT," "Deliver this e-mail and the attachments to your Chief Executive Officer, Managing Director or Chief Legal Officer at once"). The Respondent will provide counsel for the Petitioners the e-mail address it has in its records (if any) of any Third Party within thirty (30) days of the entry of the later of an Order granting this Motion and a suitable Protective Order for this case;

(iii) by faxing copies of the Service Documents to such Third Party at its last known fax number, as determined by Petitioners from their own records, records provided by Respondent or public sources such as the internet (if the fax is being sent to a business entity, the fax cover sheet should be addressed to the Chief Executive Officer, Managing Director or Chief Legal Officer of the entity). The Respondent will provide counsel for the Petitioners the fax number it has in its records (if any) of any Third Party within thirty (30) days of the entry of the later of an Order granting this Motion and a suitable Protective Order for this case;

(iv) by serving the Service Documents in any other manner that would constitute good service under Rule 4 of the Federal Rules of Civil Procedure;

(v) if the Third Party being given notice is a bank, the Petitioners may provide notice by sending the following text to the bank in one or more of a series of linked SWIFT messages: "URGENT URGENT URGENT URGENT Deliver this message to your Chief Executive Officer, Managing Director or Chief Legal Officer at once. This message is being sent to put you on notice of a lawsuit pending in the United States District Court for the Southern District of New York that could result in the seizure and forfeiture of funds in which you may have an interest. These funds include the balances held in one or more bank accounts that were blocked pursuant to the OFAC regulations and the proceeds of one or more wire transfers that were interrupted and blocked pursuant to those regulations. What follows is the text of important legal documents that explain the nature of this lawsuit and what you must do to protect your rights, if any, in the funds at issue in the lawsuit. Please contact [contact information to be supplied]. That person can provide you with additional important legal documents relating to the lawsuit," followed by the Petition and the Notice of Lawsuit (except that the captions of such documents may be abbreviated to

show only the name of the first named petitioner and respondent and the list of persons to whom the Petition is addressed may be omitted). (The foregoing text may be modified as necessary in the event that several linked messages or series of linked messages are needed to incorporate all of the specified documents); or

(vi) if the Third Party being given notice is owned or controlled in whole or in part by Iran or any of its agencies and instrumentalities or has ever been included in a list promulgated by OFAC of persons whose assets must be blocked pursuant to applicable OFAC regulations, the Petitioners may provide notice by causing copies of the Service Documents to be served on such party in accordance with 28 U.S.C. § 1608(b)(3)(B) and this Court's Instructions for Service of Process on a Foreign Defendant, which contemplate that documents be dispatched to such party by the Clerk of this Court using a form of mail that requires a signed receipt.

(collectively, the "Proposed Service Procedures").

D. The notice may be given by any person authorized to effect service of process under Rule 4(c)(2) of the Federal Rules of Civil Procedure.

E. If the Service Documents are too voluminous to be sent to a Third Party by mail or overnight delivery service in one envelope, or as attachments to a single e-mail, or in a single fax or SWIFT, the mailings, e-mails, faxes or SWIFTS shall indicate this fact and the number of envelopes, e-mails, faxes or SWIFTS, as the case may be, that are being sent and notify the recipient to treat them as a single group of documents relating to the same proceeding.

**Factual Background**

1. Petitioners represent the following:

    a. The Petitioners, all citizens of the United States residing in the United States, are family members and the personal representatives of the estates of seventeen of the nineteen U.S. Air Force officers and airmen killed in the June 25, 1996 terrorist bombing of the Khobar Towers in Khobar, Saudi Arabia in consolidated cases

before the United States District Court for the District of Columbia (the "D.C. District Court") captioned *Heiser v. Iran* (Case No. 00-CV-2329 RCL) and *Campbell v. Iran* (Case No. 01-CV-2104 RCL). The Petitioners are judgment creditors who hold a total unsatisfied judgment pursuant to 28 U.S.C. § 1605A, in the amount of $591,089,966.00, plus post-judgment interest at the legal rate, against judgment debtors the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Islamic Revolutionary Guard Corps. (collectively, "Iran").

b. On March 8, 2011, the Petitioners filed the Petition seeking, *inter alia*, a turnover of all Blocked Assets held by the Respondent pursuant to N.Y. C.P.L.R. §§ 5225 and 5227, 28 U.S.C. 1610, *et seq.* and section 201 of the Terrorism Risk Insurance Act, codified as a note to 28 U.S.C. § 1610 ("TRIA").

2. On July 12, 2011, the Respondent filed an Answer to the Petition in which the Respondent asserted affirmative defenses, including, without limitation, the need to provide proper notice of the Petition to all parties that may have an interest in the Blocked Assets.

3. Accordingly, this Motion is being filed to create a procedure for any such Third Parties to assert a claim to the Blocked Assets.

**Legal Analysis**

4. The Service Procedures will ensure that the Third Parties receive adequate notice of this proceeding and have the opportunity to assert their claims, if any, to the Blocked Assets held by the Respondent or take any additional action.

5. Some of the Third Parties are located in countries such as Iran where it is difficult to service process upon them personally. As more fully set forth herein, in such situations,

various statutes, in particular section 1608(b) of the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. §§ 1602 et seq. ("FSIA") and Rule 4 of the Federal Rules of Civil Procedure ("FRCP"), provide flexibility and authorize service by a variety of different methods.

6. Section 1608(b) of the FSIA, which governs the service of process upon "an agency or instrumentality of a foreign state," such as Iran, specifically provides that service may be made "in accordance with any special arrangement for service between the plaintiff and the agency or instrumentality," but there are no such special arrangements between the Petitioners, Respondent, and/or Third Parties. FSIA § 1608(b)(1).

7. Similarly, while section 1608(b)(2) of the FSIA provides for service upon an agent authorized to receive service in the United States, or pursuant to an "applicable international convention," to the best of parties' knowledge, some of the Third Parties do not have agents in the United States and Iran is not a party to any treaty governing service of process in foreign proceedings.

8. In cases where service cannot be made pursuant to FSIA § 1608(b)(1) or (2), subdivision 3(C) authorizes service to be made in any other manner "<u>directed by the court</u> consistent with the law of the place where service is to be made" (emphasis added). This provides the Court with the authority to approve alternative methods of service upon parties that are agencies or instrumentalities of a foreign state.

9. Similarly, rules 4(f)(3) and 4(h) of the FRCP give this Court broad flexibility with respect to service outside of the United States on persons who are not covered by FSIA § 1608(b). Under Rule 4(f)(3), individuals may be served outside the United States "by other means not prohibited by international agreement <u>as the court orders</u>" (emphasis added), and Rule 4(h)(2) permits corporations and unincorporated associations to be served abroad in any manner

authorized by Rule 4(f) other than personal delivery to the individual. Courts are "afforded wide discretion in ordering service of process under Rule 4(f)(3)." *In re South African Apartheid Litigation*, 643 F. Supp. 2d 423 n.73 (S.D.N.Y. 2009) (citations omitted). Moreover, such service can be effected by "[a]ny person who is at least 18 years old and not a party." Rule 4(c)(2).

10. Consistent with applicable law, the proposed order provides for modified service on the Third Parties designed to ensure that all parties-in-interest receive notice of this proceeding and have an opportunity to assert their claims, if any, to the Blocked Assets.

11. Significantly, the procedures set forth in the Service Order are similar to those approved both by the Honorable Robert P. Patterson in *Levin v. Bank of New York*, 09 Civ. 5900 (RPP), a turnover proceeding which was also brought to enforce a judgment against Iran by executing on funds held in bank accounts that had been blocked pursuant to the Iranian Transactions Regulations issued by the Office of Foreign Assets Control ("OFAC") of the U.S. Department of the Treasury. Similar procedures were also approved by the Honorable Alvin K. Hellerstein in *Rux v. ABN-AMRO Bank*, 08 Civ. 6588 (AKH), a proceeding brought to enforce a judgment entered against the Republic of Sudan by executing on funds held in bank accounts that had also been blocked by OFAC.

12. Decisions by other judges and other courts have also approved the use of such alternate means for serving process upon a defendant. *See*, *e.g.*, *Phillip Morris USA Inc. v. Veles Ltd.*, 2007 U.S. Dist. Lexis 19780 (S.D.N.Y. 2007) (upholding service by e-mail and fax); *Williams v. Advertising Sex LLC*, 231 F.R.D. 483 (N.D. W. Va. 2005) (upholding service by mail and e-mail).

13. The Petitioners and Respondent submit that service in accordance with the provisions of the Service Order satisfies all of the requirements for service under the FSIA, the Federal Rules of Civil Procedure and N.Y. CPLR, and all of the requirements of due process of law.

14. The Service Documents include, *inter alia*, the Petition, a summary of the Blocked Assets in which a Third Party may claims to have an interest, a copy of the Order approving this Motion, and the Notice of Lawsuit which provides that if the Third Party fails to assert a claim to the Blocked Assets or take any action within sixty (60) days of the date indicated on the Notice of Lawsuit, the Third Party will waive any claim or rights in the Blocked Assets at any time in any jurisdiction. The proposed Order further provides that the Court will retain continuing jurisdiction with respect to any claims made at any time involving in any way the Blocked Assets. *See In re South African Apartheid Litigation*, 643 F. Supp. 2d at 434 ("With respect to the range of alternative means of service the Court may order, the basic inquiry is whether the method is reasonably calculated, under all the circumstances, to give actual notice to the party whose interests are to be affected by the suit or proceeding, and to afford him an adequate opportunity to be heard; and the practicalities in a given case are a factor in determining whether constitutional requirements have been satisfied." (citations omitted)).

15. The Proposed Service Procedures provide for service of the Service Documents to all Third Parties whom the Respondent believes may assert a claim to the Blocked Assets. The Service Documents will be served by a number of methods, including, *inter alia*, FedEx, DHL, e-mail, fax, and SWIFT message to ensure that notice is actually received by all parties-in-interest. The Petitioners will file a certificate of service with the Court and serve a copy of the

certificate of service on the Respondent within five (5) days after receiving confirmation of service on the Third Parties.

16. The Service Documents and Proposed Service Procedures are permitted by applicable law and ensure that all parties-in-interest will (a) receive notice of these proceedings and (b) have an opportunity to be head.

WHEREFORE, the Petitioners and the Respondent jointly request that the Court:

A. Grant this Motion;

B. Enter the Service Order, in the form attached hereto as Exhibit A; and

C. Grant such further relief as is appropriate under the circumstances.

Dated: New York, New York
August 10, 2011

        /s/ Barbara L. Seniawski
Cary B. Samowitz
Barbara L. Seniawski
DLA PIPER LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
Telephone: 212-335-4500
Facsimile: 212-884-4501
Cary.samowitz@dlapiper.com
barbara.seniawski@dlapiper.com

and

Richard M. Kremen (Md. Fed. Bar No. 00532)
  (admitted *pro hac vice*)
Dale K. Cathell (Md. Fed. Bar No. 26924)
David B. Misler (Md. Fed. Bar No. 28828)
DLA PIPER LLP (US)
6225 Smith Ave.
Baltimore, MD 21209
Telephone: 410-580-3000
Facsimile: 410-580-3001
richard.kremen@dlapiper.com
dale.cathell@dlapiper.com

david.misler@dlapiper.com

*Attorneys for the Petitioners*

Dated: New York, New York
       August 10, 2011

          /s/ Karl Geercken
Karl Geercken
Alston & Bird LLP
90 Park Avenue
New York, NY 10016
Telephone: 212-210-9471
Facsimile: 212-210-9444
karl.geercken@alston.com

*Attorneys for the Respondent*