UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
THE ESTATE OF MICHAEL HEISER, deceased, et al.,

    Petitioners,

v.

THE BANK OF TOKYO MITSUBISHI UFJ, NEW YORK BRANCH,

    Respondent.
------------------------------------------------------------x

11-CV-1601 (PKC/MHD)

**ORDER CONCERNING NOTICE TO AND SERVICE ON THIRD-PARTIES**

    WHEREAS, this proceeding was commenced by Petitioners by the filing of a Petition for Turnover Order pursuant to Fed. R. Civ. P. 69 and N.Y.C.P.L.R. §§ 5225 and 5227 (the "Petition") in this Court on March 8, 2011; and

    WHEREAS, the Petition seeks an order directing the Respondent The Bank of Tokyo Mitsubishi UFJ, New York Branch ("Respondent") to turn over to Petitioners, in satisfaction of a judgment in the amount of $591,089,966.00 entered in their favor by the United States District Court for the District of Columbia on December 22, 2006, as supplemented by a judgment entered September 30, 2009 (collectively, the "Judgment"), in consolidated cases captioned Heiser v. Iran (Case No. 00-CV-2329 RCL) and Campbell v. Iran (Case No. 01-CV-2104 RCL) (the "Underlying Action"), certain funds (the "Blocked Assets") held by the Respondent that were blocked pursuant to regulations of the Office of Foreign Assets Control ("OFAC") and that may be subject to execution to satisfy the Judgment because the Islamic Republic of Iran ("Iran") or individuals, persons and entities that are agencies or instrumentalities of Iran (collectively, "Persons") may have an interest in such Blocked Assets; and

WHEREAS, the Blocked Assets comprise funds that were the subject of wire transfers for which Respondent was an intermediary bank; and

WHEREAS, on July 12, 2011, Respondent filed an Answer to Petition in which Respondent asserted affirmative defenses including, without limitation, the need to provide proper notice of the Petition to all parties that may have an interest in the Blocked Assets; and

WHEREAS, the parties wish to have the Court exercise its authority to establish requirements and procedures for Petitioners to give notice of this proceeding to certain parties who may claim an interest in the Blocked Assets (the "Third Parties" or a "Third Party"); and

WHEREAS, section 1608(b)(3)(C) of the Foreign Sovereign Immunities Act of 1976 ("FSIA") authorizes the parties to this proceeding, under the circumstances specified therein, to serve process upon or give notice to an agency or instrumentality of a foreign state "as directed by order of the court consistent with the law of the place where service is to be made;" and

WHEREAS, Rules 4(f)(3) and 4(h)(2) of the Federal Rules of Civil Procedure authorize the parties to this proceeding to serve process upon or give notice to persons outside any judicial district of the United States "by other means not prohibited by international agreement, as the court directs;" and

WHEREAS, this Court has the authority under its inherent powers to establish procedures for the service of process or the giving of notice in certain other circumstances as well;

NOW, THEREFORE, it is hereby ORDERED as follows:

1.  The following documents (referred to collectively hereinafter as the "Service Documents") shall be served in the manner specified in subsequent provisions of this Order.

    a.  The Petition;

   b. A spreadsheet or other summary provided by the Respondent to the Petitioners identifying (to the extent it can reasonably be determined) those Blocked Assets in which the Respondent believes the person receiving notice may claim an interest;

   c. A notice in the form of Exhibit A to this Order (the "Notice of Lawsuit");

   d. This Order;

   e. To the extent the Service Documents are sent to a person or entity ("Entity") in Iran or a country where the official language is Farsi, Petitioners shall translate the Service Documents into Farsi in compliance with section 1608(b)(3) of the FSIA.

  2. Petitioners shall serve the Service Documents upon the following Third Parties, to the extent that Petitioners are in possession of contact information for such parties sufficient to permit them to give notice in the manner specified in this Order:

   a. The account holder of record of any Blocked Assets; and

   b. The originator, the originator's bank, the beneficiary, the beneficiary's bank, and any intermediary bank for any blocked electronic funds transfer ("EFT").

  3. The Service Documents may be served by Petitioners upon any Third Party by any of the following methods:

   a. by sending copies of the Service Documents to such Third Party at its last known address, as determined by Petitioners from their own records, records provided by Respondent or public sources such as the internet, either by U.S. global mail (also known as First Class International Mail) or by an express delivery company such as FedEx, UPS or DHL that makes deliveries in the country to which the documents are being sent, directed to the attention of the Managing Director, Chief Executive Officer or Chief Legal Officer of that Third Party if it is a business entity, or to an individual if the Third Party is not an entity.  Respondent shall

provide counsel for Petitioners the address it has in its records (if any) of any Third Party within thirty (30) days of the entry of the later this Order and a suitable Protective Order for this case;

    b.  by sending an e-mail to the last known e-mail address of such Third Party, as determined by Petitioners from their own records, records provided by Respondent or public sources such as internet web sites, which e-mail shall state:

> "IMPORTANT! This e-mail is being sent to put you on notice of a lawsuit pending in the United States District Court for the Southern District of New York that could result in the seizure and forfeiture of funds in which you may have an interest. These funds may include the balances held in one or more bank accounts that were blocked pursuant to applicable OFAC regulations and the proceeds of one or more wire transfers that were interrupted and blocked pursuant to those regulations. Please open the attachments, which are in .pdf form, immediately. They will provide more detailed information about the lawsuit and your potential exposure to loss in that lawsuit."

The e-mail shall also attach .PDF versions of the Service Documents to the e-mail (if the e-mail is being sent to a business entity, the e-mail should be directed to the e-mail address of the Chief Executive Officer, Managing Director or Chief Legal Officer, if known, or it should state, following the word "IMPORTANT," "Deliver this e-mail and the attachments to your Chief Executive Officer, Managing Director or Chief Legal Officer at once"). Respondent shall provide counsel for Petitioners the e-mail address it has in its records (if any) of any Third Party within thirty (30) days of the entry of the later of this Order and a suitable Protective Order for this case;

    c.  by faxing copies of the Service Documents to such Third Party at its last known fax number, as determined by Petitioners from their own records, records obtained from Respondent or public sources such as the internet (if the fax is being sent to a business entity, the fax cover sheet should be addressed to the Chief Executive Officer, Managing Director or Chief Legal Officer of the entity). Respondent shall provide counsel for Petitioners the fax number it

has in its records (if any) of any Third Party within thirty (30) days of the entry of the later of this Order and a suitable Protective Order for this case; or

    d.    by serving the Service Documents in any other manner that would constitute good service under Rule 4 of the Federal Rules of Civil Procedure;

    e.    if the Third Party being given notice is a bank, Petitioners may provide notice by sending the following text to the bank in one or more of a series of linked SWIFT messages:

> "URGENT URGENT URGENT URGENT  Deliver this message to your Chief Executive Officer, Managing Director or Chief Legal Officer at once.  This message is being sent to put you on notice of a lawsuit pending in the United States District Court for the Southern District of New York that could result in the seizure and forfeiture of funds in which you may have an interest.  These funds include the balances held in one or more bank accounts that were blocked pursuant to the OFAC regulations and the proceeds of one or more wire transfers that were interrupted and blocked pursuant to those regulations.  What follows is the text of important legal documents that explain the nature of this lawsuit and what you must do to protect your rights, if any, in the funds at issue in the lawsuit.  Please contact [contact information to be supplied].  That person can provide you with additional important legal documents relating to the lawsuit."

Such notice should be followed by the Petition and the Notice of Lawsuit, except that the captions of such documents may be abbreviated to show only the name of the first named petitioner and respondent, and the list of persons to whom the Petition is addressed may be omitted.  The foregoing text may be modified as necessary to comply with paragraph 5 of this Order in the event that several linked messages or series of linked messages are needed to incorporate all of the specified documents; or

    f.    if the Third Party being given notice is owned or controlled in whole or in part by Iran or any of its agencies and instrumentalities or has ever been included in a list promulgated by the OFAC of persons whose assets must be blocked pursuant to applicable OFAC regulations, Petitioners may provide notice by causing copies of the Service Documents

5

to be served on such party in accordance with 28 U.S.C. § 1608(b)(3)(B) and this Court's Instructions for Service of Process on a Foreign Defendant, which contemplate that documents be dispatched to such party by the Clerk of this Court using a form of mail that requires a signed receipt.

4.  The notice may be given by any person authorized to effect service of process under Rule 4(c)(2) of the Federal Rules of Civil Procedure.

5.  If the Service Documents are too voluminous to be sent to a Third Party by mail or overnight delivery service in one envelope, or as attachments to a single e-mail, or in a single fax or SWIFT, the mailings, e-mails, faxes or SWIFTS shall indicate this fact and the number of envelopes, e-mails, faxes or SWIFTS, as the case may be, that are being sent and notify the recipient to treat them as a single group of documents relating to the same proceeding.

6.  Any Protective Order previously entered by this Court ordering the sealing of papers in this action is hereby suspended and amended to the extent necessary for the translation of documents into Farsi and the service and delivery of documents and information as authorized in this Order.

7.  Counsel for Petitioners shall file a certificate of service with the Court and serve a copy of the certificate of service on counsel for Respondent within five (5) days after receiving confirmation of service on the Third Parties.

8.  Service in accordance with the provisions of this Order shall be deemed to satisfy all of the requirements for service under the FSIA, the Federal Rules of Civil Procedure, N.Y. C.P.L.R., and all of the requirements of due process of law.

9.  Any Third Party who fails to assert a claim to the Blocked Assets or take any action within sixty (60) days of the date indicated on the Notice of Lawsuit shall be deemed to

forever waive any claims that such Third Party may have against the Blocked Assets, or against Respondent or Petitioners with respect to the Blocked Assets, and such Third Party shall be forever barred, estopped and enjoined from asserting any claim to the Blocked Assets or pursuing any claim against the Respondent or Petitioners with respect to delivery or payment of the Blocked Assets to Petitioners at any time in any jurisdiction. This Court shall retain continuing jurisdiction with respect to any claims made at any time involving in any way the Blocked Assets.

10. By consenting to the relief set forth herein, Respondent has not waived, forfeited or prejudiced in any way the ability of the Third Parties to join in any proceeding relating to the Petition, and it has not waived, forfeited or prejudiced in any way any of the Third Parties' rights, defenses, arguments or objections that they may have in response to the Petition, all of which are expressly reserved and given effect by ensuring that the Third Parties will be given notice of their right to interpose opposition to the relief sought in this turnover proceeding.

Dated: New York, New York
August 23, 2011

SO ORDERED:

_____,
United States Magistrate Judge